## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHINA PETROCHEMICAL DEVELOPMENT CORPORATION, individually and on behalf of PRAXAIR CHEMAX SEMICONDUCTORS MATERIALS COMPANY LIMITED<br><br>        Plaintiff,<br><br>        v.<br><br>PRAXAIR, INC., ANNE ROBY, JOHN PANIKAR, VERNON THAD EVANS, JOYCE CHEN, YU LING SHIEH, MEI LU, WILLIAM PEARCE, STEVE RIDDICK, JAMES WILLIAM SHAUGHNESSY, TOM SCHULTE, MARK JOSEPH MURPHY and STEVE ANGEL,<br><br>        Defendants,<br><br>        and<br><br>PRAXAIR CHEMAX SEMICONDUCTORS MATERIALS COMPANY LIMITED,<br><br>        Nominal Defendant. | Civil Action No. 3:17-cv-2005-SRU<br><br>January 21, 2020 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A LIMITED STAY IN FAVOR OF ARBITRATION

BRACEWELL LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 508-6100

Pursuant to the Court's Order dated January 6, 2020, Defendants respectfully submit this memorandum of law to address whether the stay in favor of arbitration issued by this Court on September 4, 2018, should remain in place or be lifted.  As the Court has determined that Plaintiff China Petrochemical Development Corporation's ("CPDC") claims are governed by a binding arbitration agreement, the stay should not be lifted at this time.  Moreover, Defendants respectfully submit that this case should be dismissed as CPDC has sat on its hands and done nothing to initiate arbitration for 16 months.  The blunderbuss RICO complaint filed in this Court remains hanging over the Defendants while CPDC files frivolous, bad faith actions in Taiwan to set aside the award in the arbitration that has already taken place between the parties.  In the alternative, should the Court not dismiss the case at this time, for the reasons set forth below, Defendants respectfully request that the stay only remain for a limited duration and the Court order that CPDC commence arbitration of its purported claims within 30 days or this case will be dismissed.

Simply put, CPDC's failure to initiate arbitration should result in dismissal for lack of prosecution under Federal Rule of Civil Procedure 41(b).  CPDC should not be rewarded for its delay and refusal to comply with this Court's order.  Lifting the stay would afford CPDC the opportunity to litigate claims that the Court has already determined should not have been brought in this forum in the first instance.

## **RELEVANT PROCEDURAL HISTORY**

On January 23, 2017, CPDC initiated an arbitration before the International Chamber of Commerce's International Court of Arbitration ("ICC") against Praxair in Taiwan.  Unsatisfied with how the ICC arbitration was proceeding, on December 4, 2017, CPDC commenced the action in this Court based upon the same alleged facts and transactions at issue in the arbitration.  As set forth in Defendants' Motion to Stay in Favor of Arbitration, or, in the Alternative, to

Dismiss the Amended Complaint [ECF No. 71], CPDC turned to the United States court system

in a bad faith attempt to recast a standard commercial dispute into a fatally flawed and

groundless civil RICO action.[1]

Defendants moved to stay the case in favor of arbitration based on a binding arbitration

provision contained in a joint venture agreement between CPDC and Praxair that governs this

dispute.  In the alternative, Defendants moved to dismiss the Amended Complaint on the grounds

of *forum non conveniens*, lack of personal jurisdiction over several of the Individual Defendants,

and failure to state a claim under the RICO statute.

The ICC arbitral tribunal issued a final award in favor of Praxair on August 28, 2018.

This Court held a telephonic hearing on Defendants' motion on September 4, 2018.  During the

hearing, the Court held that "the arbitration agreement should be enforced and the matter should

be stayed and referred to arbitration."  *See* Hearing Transcript dated September 4, 2018, attached

hereto as Exhibit 1, at 4.[2]  Further, the court expressly "direct[ed] the joint venture parties to the

arbitration panel, assuming it's the same panel, or if not, to a new panel in Taiwan under the ICC

rules."  *Id.* at 11.[3]  CPDC's claims against the Individual Defendants were also stayed pending a

determination by an ICC tribunal regarding CPDC's claims against Praxair.  *See* ECF No. 91

(Feb. 27, 2019).

CPDC never initiated an arbitration addressing the claims in the instant action – despite

being ordered to do so 16 months ago.  CPDC subsequently sought to set aside the ICC award

through litigation in Taiwan, and its application was denied on December 13, 2019.  CPDC then

---

[1] Defendants Joyce Chen, Yu Ling Shieh, and Mei Lu and Nominal Defendant Praxair Chemax Semiconductors Materials Company Limited had not been served and therefore did not join in the motion.

[2] *See also* 9 U.S.C. § 3 (Federal Arbitration Act provision requiring that, upon a finding that a suit is brought upon any issue referable to arbitration, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"); *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015).

[3] *See also* ECF No. 84 (Sept. 6, 2018) (Docket entry ordering Motion to Stay granted and stating that the "case is stayed pending arbitration before the International Chamber of Commerce")

commenced an appeal of that decision, which will likely not be resolved for another six to nine months.[4]  Should CPDC appeal to the court of last resort, it will likely take an additional six months or more to render a decision.

In the meantime, CPDC has failed to initiate an arbitration of the stayed claims and continues with its delay tactics and failure to abide by this Court's ruling.  CPDC's inaction confirms that the instant case was only brought to harass and attempt to assert leverage over Defendants by expanding CPDC's scorched earth litigation campaign, in which CPDC has initiated no less than 27 Taiwanese actions related to these issues, to the United States.  We respectfully submit that enough is enough.

Regarding the merits of Defendants' motion to dismiss, during the September 4, 2018 hearing, the Court noted that, "assuming [CPDC] can overcome the long-arm statute, which seems unlikely, I think you're going to have a forum non conveniens problem," as well as "a problem with any civil RICO claim against those parties because there's no allegation of any domestic injury here." *See* Ex. 1 at 6.

## CPDC'S FAILURE TO ARBITRATE SHOULD RESULT IN DISMISSAL

### A. CPDC's Inexcusable Delay Warrants Dismissal

In violation of the Court's express direction 16 months ago, CPDC has failed to take any steps towards arbitrating the stayed claims.  CPDC now contends – almost a year and a half later – that the stay should remain in place until CPDC has exhausted its attempts to vacate the ICC award in Taiwan – which likely will not conclude for another 12–18 months.  CPDC's position is without merit, and CPDC's actions confirm the purpose of this lawsuit is to hold the threat of further litigation over Praxair and the Individual Defendants for as long as possible.

---

[4] All representations regarding Taiwan law and legal proceedings herein are per Praxair's Taiwan counsel.

As an initial matter, the fact that CPDC has not complied with the Court's order and never informed the Court or Defendants at any point during or since the September 4, 2018 hearing that it did not intend to comply, or intended to delay significantly any arbitration of its claims, is sufficient to sanction CPDC with dismissal of this action.

Further, CPDC's effort to set the ICC award aside is a frivolous attempt to delay enforcement of the award, with no chance of success.  As demonstrated by the Taiwanese court's December 13, 2019 decision that denied CPDC's application to set aside the ICC award, under Taiwan law the ICC award is a foreign arbitration award and Taiwanese courts do not have authority to set aside foreign arbitral awards.  Indeed, the Taiwanese court did not even consider possible grounds to set aside the award; rather, the court simply denied CPDC's application.

Moreover, CPDC's Taiwanese litigation to set aside the arbitration award does not serve as a valid basis for failing to initiate arbitration of the stayed claims or for violating this Court's order.  There are multiple issues, including threshold issues, that an ICC tribunal must consider regarding the stayed claims that are not dependent upon the outcome of the litigation to set aside the award.

For example, an arbitral tribunal would first need to determine whether the claims are arbitrable.  Before this Court, CPDC argued emphatically that they are not, claiming that the stayed claims do not arise out of or relate to the joint venture agreement.[5]  Next, the ICC tribunal would need to determine whether the stayed claims are barred by res judicata due to CPDC's failure to assert them in the original ICC proceeding.  Third, if a panel were to determine the claims were arbitrable and res judicata did not apply, the tribunal could proceed to the merits.

---

[5] *See* Pl.'s Mem. of Law in Opp'n to Mot. to Stay in Favor of Arbitration, or, in the Alternative, Mot. to Dismiss the Am. Compl., at 9–15, ECF No. 81.

CPDC offers no reason why an ICC arbitration in Taiwan and litigation in Taiwan could not proceed on parallel tracks, with any coordination of those proceedings, if necessary, efficiently managed in Taiwan.  Thus, there is no valid basis for CPDC's delay in initiating arbitration, nor for CPDC's failure to comply with this Court's order.  Dismissal is warranted under these circumstances.  "[T]hose courts to have addressed the issue have held that a court which stays an action pending arbitration nevertheless maintains jurisdiction to regulate the parties' conduct by issuing sanctions, including dismissal for failure to prosecute under Rule 41(b)."  *Martens v. Thomann*, 273 F.3d 159, 179 n.14 (2d Cir. 2001); *see also Shetiwy v. Midland Credit Mgmt.*, 12-CV-7068 (RJS), 2016 WL 4030488, (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (dismissing civil RICO action with prejudice for failure to initiate arbitration after case was stayed).

## B. In the Alternative, the Court Should Order that CPDC's Claims Will be Dismissed if it Does Not Commence Arbitration Within 30 Days

While outright dismissal after this long period of unexcused delay is warranted, an order from this court directing CPDC to commence arbitration within 30 days, failing which the claims will be dismissed by the Court, is certainly appropriate under these circumstances.  *See Sidley v. Verizon Comms.*, No. 1:17-cv-1850 (E.D.N.Y. Sept. 14, 2018) ("Plaintiff's stated intention to arbitrate is not a sufficient response to this Court's status report order, in light of the fact that Judge Dearie granted defendants' motion to compel arbitration in March [2018]. . . . If plaintiff does not move this matter forward, the case may be dismissed for lack of prosecution."); *FUJIFILM N. Am. Corp. v. Geleshmall Enters. LLC*, 239 F. Supp. 3d 640, 648 (E.D.N.Y. 2017) ("The counterclaims are stayed [pursuant to 9 U.S.C. § 3], and if Geleshmall wants to pursue them, it is going to have to commence arbitration within 30 days, failing which they will be dismissed.").

As the Court has determined that the claims in this case are governed by the arbitration provision in the joint venture agreement and must be brought before the ICC in Taiwan, the stay of this action should not be lifted at this time.  Instead, CPDC's failure to initiate arbitration for well over a year should result in dismissal for failure to prosecute.  Alternatively, Defendants respectfully request that the Court issue an order requiring CPDC to commence the arbitration within 30 days, and that if CPDC fails to do so, this action will be dismissed.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the action or, in the alternative, that the Court order CPDC to commence arbitration of its stayed claims within 30 days, failing which this case will be dismissed by the Court.

Dated: January 21, 2020

BRACEWELL LLP

By:     /s/ *Rachel B. Goldman*
      Rachel B. Goldman (PHV09239)
      Mark R. Wulfe (PHV09407)
      1251 Avenue of the Americas
      New York, New York 10020
      (212) 508-6100
      rachel.goldman@bracewell.com
      mark.wulfe@bracewell.com

      (Admitted as visiting attorneys)

      -and-

      PULLMAN & COMLEY LLC
      David P. Atkins (CT04189)
      850 Main Street
      Bridgeport, Connecticut 06601
      (203) 330-2103
      datkins@pullcom.com

*Attorneys for Praxair, Inc., Dr. Anne Roby, John Panikar, Vernon Thad Evans, James William Shaughnessy, William Pearce, Stephen Riddick, Tom Schulte, Mark J. Murphy, and Stephen Angel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing was filed electronically.  Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dated at New York, New York this 21st day of January, 2020.

<u>*/s/ Rachel B. Goldman*</u>
Rachel B. Goldman