UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHINA PETROCHEMICAL<br>DEVELOPMENT CORPORATION<br><br>    v.<br><br>PRAXAIR, INC., ET AL. | 17-cv-2005 (SRU) |

## ORDER

On November 23, 2020, plaintiff China Petrochemical Development Corp ("CPDC") and defendants Praxair, Inc., Anne Roby, John Panikar, Vernon Thad Evans, James William Shaughnessy, William Pearce, Steve Riddick, Tom Schulte, Mark J. Murphy and Steve Angel ("defendants") filed a joint status report addressing whether a stay of the proceedings pending arbitration should remain in place.[1] CPDC contends that the stay should remain in place pending the outcome of litigation over an arbitral award in Taiwan. The defendants move for dismissal for failure to prosecute or, in the alternative, request a limited stay with an order directing CPDC to commence arbitration within 30 days.

For the following reasons, I direct CPDC to commence an arbitration proceeding on the stayed claims within thirty days of this order. The stay will remain in place pending the outcome of that arbitration proceeding.

**I.    Background**

This action arises out of a joint venture agreement executed between CPDC and Praxair in the late 1990s to create a company for the distribution of industrial chemicals in Taiwan. *See*

---

[1] Defendants Joyce Chen, Yu Ling Shieh, Mei Lu and Nominal Defendant Praxair Chemax Semiconductors Materials Company Limited had not been served at the time the original motion to stay was filed and did not join in that motion. *See* Doc. No. 71.

1

Am. Compl., Doc. No. 65 at ¶¶ 38-42. That agreement contained a clause providing that any disputes arising out of or related to the joint venture would be subject to binding arbitration before the ICC. *See* Exhibit 1, Joint Venture Agreement, Doc. No. 59-3 at Article 19. On January 23, 2017, CPDC initiated an arbitration proceeding before the International Chamber of Commerce's International Court of Arbitration ("ICC"), alleging breach of the joint venture agreement and various claims under Taiwanese law. *See* Pl.'s Mem., Doc. No. 99 at 2. On December 4, 2017, while arbitration before the ICC was proceeding, CPDC filed this suit, alleging breach of fiduciary duty, conversion, RICO violations, fraudulent concealment, and violations of certain Taiwanese statutes.[2] *Id.* at 3. Those claims were based at least in part on the same set of facts and transactions at issue in the arbitration. *Id.*

Citing to the arbitration clause in the joint venture agreement, the defendants moved to stay proceedings in favor of arbitration. *Id.* In the alternative, the defendants moved to dismiss the amended complaint on the grounds of *forum non conveniens*, lack of personal jurisdiction, and failure to state a RICO claim. *See* Def.'s Mot., Doc. No. 100 at 3. After a telephonic hearing on September 4, 2018, I granted the motion to stay. *See* H'rg. Trans., Doc. No. 85. The parties were directed to commence arbitration (with either the same ICC panel that handled the initial claims or a new panel, depending on ICC rules) to determine whether some or all of the claims raised in this action are subject to arbitration. *Id.*

On August 28, 2018 the ICC tribunal issued a final award. *See* Def.'s Mot., Doc. No. 100 at 3. CPDC then commenced litigation to set aside the award; that litigation was dismissed by a Taiwan court on December 13, 2019. *See* Pl's Mem., Doc. No. 99 at 4. CPDC appealed the dismissal on January 8, 2020, and Praxair filed a cross-appeal on January 14, 2020. *Id.* On

---

[2] CPDC filed an amended complaint, at issue here, on April 18, 2018. *See* Doc. No. 65.

2

August 18, 2020 CPDC's appeal was denied; CPDC appealed that decision, and that appeal is currently pending. A decision is expected to take six to twelve months. *See* Status Update, Doc. No. 102 at 2.

CPDC contends that arbitration on the stayed claims cannot proceed until the appeal is concluded, and accordingly argues that the stay should be continued "until the ICC Arbitration has fully and finally resolved." *See* Pl.'s Mem., Doc. No. 99 at 5. The defendants maintain that arbitration could proceed on the stayed claims immediately and that CPDC's failure to initiate arbitration on those claims warrants dismissal for failure to prosecute.

## II.     Standard of Review

Rule 41 authorizes a district court to dismiss an action where a plaintiff "fails to prosecute or to comply with…a court order." Fed. R. Civ. P. 41(b). To determine whether dismissal is warranted in a particular case, a district court must consider five factors, including:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Id.* Dismissal with prejudice is considered an extreme sanction because of the harsh consequences for clients "who may be blameless". *Id.* at 217. It is therefore reserved for extreme situations and must be preceded by sufficient notice to a litigant. *Id.*; *see also Scott v. Perkins,* 150 F. App'x 30, 33 (2d Cir. 2005) (dismissal not warranted where litigant had kept in contact with the court and there was minimal prejudice to defendant).

## III.    Discussion

3

CPDC contends that it has aggressively pursued relief by promptly seeking to appeal the original arbitration award issued by the ICC. *See* Pl.'s Mem., Doc. No. 99 at 6. CPDC additionally contends that it would not be feasible to seek adjudication of the claims in this action while that appeal is pending because any arbitration would "undoubtedly be stayed pending the current appeals or would be the subject of motions to dismiss." *Id.* at 7-8. CPDC additionally argues that judicial economy would be best served by continuing the stay pending the outcome of the appeal. Specifically, CPDC maintains that in the event of a successful appeal of the original arbitration award, the original ICC arbitration will be reopened. CPDC could then raise all claims at issue in this action before that panel. *Id.* at 4. Because commencing arbitration on the stayed claims would be futile and inefficient pending resolution of the appeal, CPDC argues, failure to initiate that arbitration does not constitute abandonment of the matter and dismissal for failure to prosecute is not warranted. *Id.* at 7.

CPDC additionally claims that the defendants have failed to establish that they will be prejudiced by the stay. *Id.* at 8. CPDC notes that dismissal with prejudice is not favored in this Circuit, and is warranted only in extreme circumstances. *Id.* at 7. Because it has vigorously pursued its claims and no prejudice will result from maintaining the stay, extreme circumstances warranting dismissal are not present. *Id.* at 7.

The defendants contend that CPDC's failure to commence arbitration following my 2018 order directing them to do so warrants dismissal. *See* Def.'s Mot., Doc. No. 100 at 3. The defendants maintain that all claims should be submitted to an ICC arbitration panel, which could determine which of the asserted claims are arbitrable and whether any of the stayed claims are barred by res judicata due to CPDC's failure to assert them in the original ICC proceeding. *Id.* at 4. Those threshold issues, among others, are not dependent upon the outcome of the litigation

over the original award. *Id.* at 4. Arbitration of the stayed claims could therefore proceed simultaneously with the litigation to set aside the original award. *Id.* Accordingly, the defendants maintain that there is "no valid basis for CPDC's delay in initiating arbitration, nor for CPDC's failure to comply with this Court's order" and that dismissal is warranted. *Id.* at 5.

I granted the original motion for a stay in this case based on the broad language of the arbitral provision, which provides that "differences, disputes, claims or controversies arising out of or relating to any provisions of [the Joint Venture Agreement] or the breach thereof…shall be finally settled by binding commercial arbitration" before the ICC. *See* Joint Venture Agreement, Doc. No. 59-3 at Article 19. At the 2018 hearing, I noted that the amended complaint has dozens of references to that agreement. Accordingly, I concluded that the arbitration agreement should be enforced and that the most efficient course of action would be to commence arbitration to determine what claims were arbitrable; following that determination, litigation on any claims not subject to arbitration could proceed here.

CPDC has offered no clear reason why it has failed to follow that order and commence arbitration on the stayed claims. Although CPDC notes that there has been some uncertainty with regard to whether the claims in this action are actually subject to arbitration, that does not explain failure to initiate arbitration on the stayed claims to allow the arbitrators to make the threshold determination of which claims are arbitrable. Additionally, although CPDC contends that any arbitration commenced at this time would be stayed pending the current appeal, it does not offer any support for that claim. *See* Pl.'s Mem., Doc. No. 99 at 9. Moreover, even if CPDC prevails on appeal and the original ICC arbitration is reopened, there is no reason the two actions could not be consolidated at that time. Accordingly, there is no valid basis for failure to commence arbitration on those claims.

5

I note additionally that CPDC has previously argued that the claims raised in the amended complaint fall outside the scope of the joint venture agreement and therefore are not subject to arbitration. Changing course, CPDC now contends that a stay pending the outcome of the appeal is warranted because "the disputes and issues involved in the US Litigation are intertwined with those in the ICC Arbitration."[3] *See* Pl.'s Mem., Doc. No. 99 at 5. However, CPDC's inconsistent position on that issue underscores that judicial economy would be best served by a timely determination by an ICC panel of the claims subject to arbitration so that remaining claims could proceed here.

Despite CPDC's failure to sufficiently explain the failure to initiate arbitration following my 2018 order, however, dismissal for failure to prosecute is not warranted. First, although the duration of CPDC's failure to comply with my order to commence arbitration has been relatively lengthy (over two years), CPDC has not been afforded clear notice that failure to comply would lead to dismissal. *See, e.g., Shetiwy v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 97294, at *7-8 (S.D.N.Y. July 25, 2016), *aff'd,* 706 F. App'x 30 (2d Cir. 2017) (dismissal warranted where "[p]laintiffs clearly had notice that a refusal to arbitrate might result in dismissal"); *see also Dhaliwal v. Mallinckrodt PLC,* 2020 U.S. Dist. LEXIS 159923 at *5 (S.D.N.Y. Sept. 1, 2020) ("[p]laintiff was expressly advised…that failure to commence arbitration would result in dismissal of her claims").

Additionally, the defendants have identified no clear prejudice from CPDC's failure to comply with my order, other than noting that the action "remains hanging over the Defendants." *See* Def.'s Mot., Doc. No. 100 at 2. Although prejudice from unreasonable delay may be presumed under some circumstances, CPDC has already commenced arbitration once before and

---

[3] CPDC notes that Praxair similarly argued before the ICC that certain of the claims in this litigation are outside the purview of the ICC arbitration. *See* Pl.'s Mot., Doc. No. 99 at 5.

there is no suggestion that CPDC will refuse to pursue arbitration on the stayed claims. *See, e.g., Dhaliwal*, 2020 U.S. Dist. LEXIS 159923 at *6 (S.D.N.Y. Sept. 1, 2020) (prejudice could be presumed where there was no likelihood of resolution given plaintiff's refusal to pursue arbitration); *see also Shannon v. GE,* 186 F.3d 186, 195 (2d Cir. 1999) (presumption of prejudice particularly appropriate where there is indication that evidence will be lost and trial will be made more difficult).

Finally, despite the burden on the docket by the lengthy nature of this case, CPDC has not evinced a "lack of interest in the prosecution" of this case and has provided regular updates, status reports and participated in hearings. *Shetiwy,* 2016 U.S. Dist. LEXIS 97294, at *8-9. This is, moreover, the first significant delay in the case. *Id.* It is additionally not clear that less drastic sanctions would be inadequate to compel arbitration.

I note additionally that dismissal for failure to prosecute is a disfavored remedy in this circuit, appropriate only for extreme situations. Accordingly, dismissal is not warranted at this stage of the proceedings. Instead, I direct CPDC to commence arbitration to determine which claims are arbitrable within thirty days of this order. CPDC's failure to do so will result in dismissal for failure to prosecute under Rule 41(b).

**IV.    Conclusion**

CPDC is directed to commence arbitration on the claims at issue in this suit within **thirty days** of this order. The stay granted in this case will remain in place pending arbitration of those claims.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of January 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge